IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREW JAMES GREEN,

   Plaintiff,

v.

MARK ZUCKERBERG,

   Defendant.

Civil Action No.:  JRR-22-2824

**MEMORANDUM OPINION**

    Self-represented plaintiff Andrew James Green filed this action against Mark Zuckerberg. ECF 1.  Mr. Green seeks leave to proceed in forma pauperis, which is granted.  ECF 2.  For the reasons that follow, however, the complaint will be dismissed without prejudice.

    Mr. Green sets forth no factual allegations in his complaint; fails to aver what injury or damages he has suffered, and fails to state what relief he seeks.  The complaint form indicates Mr. Green intends to invoke this court's diversity jurisdiction and reports that he is a resident of Maryland and Defendant a resident of California.  ECF 1.  The civil cover sheet appended to the complaint indicates that Defendant Zuckerberg is part of the United States government and that Mr. Green's claim arises as a civil rights violation pursuant to a civil statute Mr. Green refers to as "Facebook." ECF 1-1.  Further, Mr. Green asserts that the basis for the court's jurisdiction is "cyber stalking and harassment illegal decisions." *Id*.  By cover letter to the court at ECF 1-2, Mr. Green states: "I want to say I sued pissed consumer to try help resolve the problem It didn't work I tried reaching out they found no way to call me back can't call them I tried resolving w[h]atever the problem is that I am very confused about."

    Federal courts are courts of limited jurisdiction.  *Home Buyers Warranty Corp. v. Hanna,* 750 F.3d 427, 432 (4th Cir. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)).  Thus, a federal district court may adjudicate a case only if it possesses the "power authorized

by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005) (internal quotation marks omitted).  If a party seeks to proceed in federal court, he "must allege and, when challenged, must demonstrate the federal court's [subject matter] jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).  Further, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna,* 750 F.3d at 432.  Put another way, "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen,* 511 U.S. at 377).  Even when no party challenges subject matter jurisdiction, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010).

Congress has conferred jurisdiction on the federal courts in several ways.  To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States.  *Exxon Mobil Corp.,* 545 U.S. at 552; 28 U.S.C. § 1331.  *See also* U.S. Constitution Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . .").  This is often referred to a "federal question" jurisdiction.  Under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000.  *Exxon Mobil Corp.,* 545 U.S. at 552; *see* 28 U.S.C. § 1332.  Diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every

defendant." *Cent. W. Va. Energy Co., Inc. v. Mtn. State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011); *Strawbridge v. Curtiss,* 7 U.S. 267 (1806).

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz Corp.*, 599 U.S. at 95; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).  Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp*., 298 U.S. 178 (1936)).

The court has afforded the complaint liberal construction, because plaintiff is self- represented. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, as best the court can discern, the alleged conduct about which Mr. Green attempts to complain – presumably issues with plaintiff's Facebook account – does not state a federal claim.  Defendant is not a state or government actor, but rather a private citizen.  At best, the complaint asserts claims sounding in tort or contract which arise under state law and may not be brought in this court based on federal question jurisdiction.

As noted, under 28 U.S.C. §1332(a), a federal district court also has original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  Mr. Green does not allege how he was damaged by the conduct complained of and has not asserted that the amount in controversy exceeds $75,000.  Thus, the complaint fails to plead facts sufficient to invoke diversity jurisdiction.

A separate order follows dismissing the complaint in its entirety.

/S/

_____
Julie R. Rubin
United States District Judge

January 27, 2023